IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEITH D. RUDOLPH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: 2:06-cv-994-ID |
| ) | |
| MOBIS ALABAMA, LLC, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

**COMES NOW** the Defendant MOBIS Alabama, LLC (hereinafter "MOBIS") and answers the Complaint as follows:

### I.    JURISDICTION

1.    MOBIS admits that Plaintiff invokes the statutes cited in paragraph 1 of the Complaint, but denies that Plaintiff is entitled to any relief whatsoever and admits only that this Court has subject matter jurisdiction.

2.    The allegations contained in paragraph 2 are denied pending discovery.

### II.    PARTIES

3.    MOBIS admits that Plaintiff is an African American citizen of the United States who was formerly employed by MOBIS in Montgomery, Alabama. MOBIS is without sufficient information to determine the truthfulness of Plaintiff's allegation that he is a resident of Dallas County, Alabama.

4.    Admitted.

### III.    STATEMENT OF THE FACTS

5.    Admitted.

6. Denied.

7. MOBIS admits that on or about March 3, 2006, Plaintiff saw a racially insensitive email which was not intended for Plaintiff. MOBIS admits that the email was on a computer used by Kyle Biles and that Brad Mooney was the sender. The remaining allegations of paragraph 7 are denied.

8. Denied.

9. Denied. Rather than reporting the email through proper channels, Plaintiff forwarded the email to everyone in Biles' computer address book. In doing so, Plaintiff disseminated the email to everyone at MOBIS who had a computer. Plaintiff also made numerous Xerox copies of the email and distributed them throughout the plant.

10. Denied. MOBIS admits only that MOBIS asked Plaintiff if he was responsible for disseminating the email and he admitted that he was.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied. See MOBIS' answer to paragraph 9 of the Complaint. In further answer to paragraph 16, MOBIS states that Plaintiff was solely responsible for disseminating the email throughout the plant and offending many employees, particularly African Americans. Plaintiff's improper actions in this regard caused considerable disruption in the workforce at MOBIS for several days.

17. Denied.

18. Denied.

19. Denied.

20. MOBIS admits that Miles complained in writing about a pattern of inappropriate conduct on Plaintiff's part. Specifically, Plaintiff approached Miles on numerous occasions asking for a date and continued to pursue her even though she objected to his overtures. MOBIS' investigation of Miles' complaint about Plaintiff's conduct revealed that Plaintiff was responsible for spreading rumors throughout the plant that Miles was a lesbian. Plaintiff was terminated for legitimate, non-discriminatory reasons based on his immature, inappropriate and harassing conduct, which was unacceptable for anyone, a supervisor. MOBIS denies all allegations of paragraph 20 not specifically admitted.

21. Denied.

22. Denied. Plaintiff was terminated for harassing Miles and for conduct unacceptable for a supervisor.

23. MOBIS is unaware of any complaint of sexual harassment against a person named Darren.

24. Denied.

### IV.   COUNT ONE - RETALIATION
### (TITLE VII AND § 1981)

25. MOBIS denies each and every allegation of the Complaint not specifically admitted above.

26. Denied.

27. Denied.

28. Denied. In further answer to paragraph 28, MOBIS specifically denies that Plaintiff's disruptive conduct was a protected activity and denies that the email episode had anything to do with his termination.

29. Plaintiff is not entitled to any of the relief he requests in the Prayer for Relief of his Complaint.

All allegations of the Complaint not specifically admitted hereinabove are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The statute of limitations bars some or all of Plaintiff's claims.

### SECOND DEFENSE

Plaintiff has failed to timely exhaust his administrative remedies and has failed to file a timely suit.

### THIRD DEFENSE

Some or all of Plaintiff's claims fail to state claims for which relief can be granted.

### FOURTH DEFENSE

There are no similarly situated employees of MOBIS who have been treated differently than has Plaintiff.

### FIFTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### SIXTH DEFENSE

All employment decisions made by MOBIS respecting Plaintiff were made for legitimate, non-discriminatory, non-pretextual business reasons. MOBIS denies that retaliation was a substantial contributing factor in any decision regarding his employment.

## SEVENTH DEFENSE

Plaintiff is estopped and lacks clean hands to seek the equitable relief he requests due to violation of MOBIS' employee conduct and work rules including, but not limited to, among other things, poor performance, disruptive behavior, and harassment of a co-employee on the basis of her sex.

## EIGHTH DEFENSE

MOBIS states that it did not intentionally, willfully or maliciously violate any statute or law relied upon in the Complaint. To the extent that Plaintiff's claims against MOBIS rest on conduct that was innocent or without malice or without reckless indifference to Plaintiff's rights, punitive damages are not recoverable.

## NINTH DEFENSE

An award of punitive damages in this case is not appropriate.

## TENTH DEFENSE

To the extent that Plaintiff's claims are fraudulently brought, they are barred.

## ELEVENTH DEFENSE

To the extent that Plaintiff's claims have been waived, they are barred.

## TWELFTH DEFENSE

To the extent that Plaintiff might have been guilty of conduct, as yet unknown to MOBIS which conduct would have prevented Plaintiff's employment or caused discharge, he is barred from seeking some or all damages.

## THIRTEENTH DEFENSE

Plaintiff complains about decisions made by different decision-makers.

### FOURTEENTH DEFENSE

The doctrine of laches bars some or all of Plaintiff's claims.

### FIFTEENTH DEFENSE

Defendant pleads judicial estoppel and lack of standing as to Plaintiff's claims.

### SIXTEENTH DEFENSE

MOBIS pleads the "same actor" defense.

### SEVENTEENTH DEFENSE

Plaintiff is not entitled to recover any compensatory damages or punitive damages herein, and any allegations with respect thereto should be stricken, because Plaintiff has failed to plead facts sufficient to support such damages.

### EIGHTEENTH DEFENSE

With respect to all of Plaintiff's claims, Defendant pleads, in the alternative and without waiving any other defense, that the acts of MOBIS were privileged under the law including, but not limited to, under the employment-at-will doctrine.

### NINETEENTH DEFENSE

Assuming *arguendo* that Plaintiff provides some evidence that he contends establishes that an adverse or retaliatory employment action taken against him was motivated in part by race or protected conduct, MOBIS claims the *Price Waterhouse/Mt. Healthy* defense because it would have treated Plaintiff the same in all respects for other legitimate non-discriminatory, non-retaliatory, non-pretextual reasons. Some or all of the decisions and/or employment actions challenged as discriminatory in the Complaint would have been taken even if the Plaintiff had not been in a protected class of individuals. Where an employer in a "mixed motive" case proves that it would have made the same decision absent the alleged bias it has a complete defense from

6

liability under Title VII. *See, e.g., Pennington v. City of Huntsville,* 261 F.3d 1262, 1269 (11th Cir. 2001).

### TWENTIETH DEFENSE

The amount of damages that Plaintiff might recover from MOBIS under Title VII is subject to the damage limitations in 42 U.S.C. § 1981(a)(B)(3).

### TWENTY-FIRST DEFENSE

MOBIS reserves the right to assert other defenses as discovery proceeds.

                    Respectfully submitted,

                    <u>Henry C. Barnett, Jr.</u>
                    HENRY C. BARNETT, JR. (BAR037)

                    *ATTORNEY FOR MOBIS ALABAMA, LLC*

**OF COUNSEL**:
CAPELL & HOWARD, P. C.
150 South Perry Street
Post Office Box 2069
Montgomery, AL  36102
Telephone:  (334) 241-8059
Facsimile:   (334) 323-8888

**CERTIFICATE OF SERVICE**

 I hereby certify that on the 27th day of November 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David R. Arnedall
Allen D. Arnold
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203

        Henry C. Barnett, Jr.
        OF COUNSEL