IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEITH D. RUDOLPH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.:  2:06-cv-994-ID |
| | ) | |
| MOBIS ALABAMA, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW the Defendant, **MOBIS ALABAMA, L.L.C.** (hereinafter "MOBIS") and, as ordered by the court's May 7, 2007 show cause order (Doc. no. 10) responds to Plaintiff's Motion to Compel (Doc. no. 9) as follows:

### INTRODUCTION

This matter comes before the Court due to a disagreement between the parties concerning what constitutes a "discrete sub-part" of an interrogatory under FED. R. CIV. P. 33(a).

MOBIS initially responded to what it deemed to be fifty (50) of Plaintiff's interrogatories, including sub-parts.  Plaintiff contested MOBIS' method of counting discrete sub-parts.  *See* Doc. no. 9, Ex. C.  MOBIS then researched the issue further, including *Border Collie Rescue, Inc. v. Ryan*, 2005 WL 662724 (March 15, 2005, M.D. Fla.) cited by Plaintiff, and in an effort to reach a fair compromise, supplemented its interrogatory responses to include at least sixty (60) interrogatories, including sub-parts. (See Ex. 1 and Ex. 2 attached hereto.)

1

MOBIS has been unable to find guidance on this issue in opinions/orders in the Middle District of Alabama, although it may exist in unreported cases. MOBIS assures the Court that it is not attempting to obstruct discovery, only to respond to the number of interrogatories agreed to by the parties in their Rule 26 Report of Parties Planning Meeting. In fact, the undersigned has practiced law in the Middle District for thirty-three (33) years and this is only the fourth or fifth time he can recall having to involve the court in a discovery dispute.

In short, the parties have widely divergent views on this issue, and need guidance from the Court.

## ARGUMENT

1.    Plaintiff propounded Interrogatories to Defendant on February 8, 2007. Although Plaintiff numbered the questions 1-21, the discrete subparts of the inquiries far exceeded the parties' agreement of 50 interrogatories. Therefore, Defendant answered what it believed to be the first 50 sub-parts. *See* Doc. no. 9, Ex. B. In response to Plaintiff attorney's correspondence dated March 29, 2007, *see* Doc. no. 9, Ex. C, Defendant supplemented its answers to Plaintiff's interrogatories and explained in detail and with legal citations its position with regard to the number of interrogatories propounded by Plaintiff. MOBIS also clarified/supplemented certain responses based on further investigation. *See* Defendant's Supplemental Responses to Plaintiff's First Interrogatories, Doc. no. 9 at Ex. D (hereinafter "Defendant's Supplemental Responses"). Plaintiff then filed this Motion to Compel on May 3, 2007, without further communication with MOBIS' counsel.

2.      Acting in good faith, Defendant agreed to answer 50 interrogatories and did in fact answer at least 60 interrogatories.  *See id.* at Defendant's Supplemental Response 12-21.  Defendant's Supplemental Responses outline in detail how it counted Plaintiff's Interrogatories.  Rather than rely on Plaintiff's self-serving format of stringing multiple sub-parts together under one interrogatory number, Defendant looked to legal authority for guidance in determining how courts in the Eleventh Circuit counted the discrete subparts of interrogatories.  Rather than addressing or rebutting Defendant's legal position, Plaintiff's attorney simply insists that he "has never had to file a motion of this nature" because, apparently, "in every other case filed by undersigned," his interrogatories were answered "without objections or problems by opposing counsel." Doc. no. 9 at ¶¶ 3, 5.

3.      Under Federal Rule of Civil Procedure 33(a), "any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts [.]"  In this case, the parties agreed to submit and answer 50 interrogatories. Regarding that limit, the Advisory Committee stated it cannot be evaded by joining as "subparts" questions that seek information about discrete separate subjects.  FED. R. CIV. P. 33(a), Advisory Committee Notes, 1993 Amendment.  Subparts do not have to be separately numbered or lettered to count as multiple interrogatories because any party could easily circumvent the rule simply by eliminating the separate numbering or lettering of the subparts.  *See, e.g., Prochaska & Associates v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 155 F.R.D. 189, 191 (D. Neb. 1993) (holding that "[n]ot numbering the sub-parts of interrogatories does not change the fact that, if the interrogatories require discrete pieces of information, those interrogatories are to be

counted as if the sub-parts were specifically itemized."); s*ee also Nyfield v. Virgin Islands Tele. Corp.*, 200 F.R.D. 246 (D.C.V.I. 2001) (Interrogatory would be counted as two questions for purposes of applying the 25-questions limitation. It inquired about the reason for the elimination of plaintiff's position, and for the identity of those involved in the decision-making process).

4.    In his March 29, 2007 Letter to Henry Barnett (Doc. no. 9, Ex. C at 1), Plaintiff's counsel asserts that *Border Collie Rescue, Inc. v. Ryan*, 2005 WL 662724 (March 15, 2005 M.D. Fla.) lends support to his position that Interrogatory number 1 counts as only one line of inquiry or "theme."  Besides the fact that *Border Collie* is an unreported decision, it simply states the undisputed rule that an interrogatory does not contain discrete subparts if the questions concern a "common theme."  *Id.* at *1. Defendants do not dispute this statement of the law, but rather Plaintiff's argument that his interrogatories, and in particular his first interrogatory referencing 18 different requests for admission, concern a common theme.  The interrogatories at issue in *Border Collie* (to the extent to which they are discussed) do not resemble the interrogatories at issue in the case at bar.

5.    For example, Plaintiff's first Interrogatory states as follows:

> 1.    If you fail to fully admit any Request for Admission set forth above, explain in detail each and every reason for your failure to admit, identifying all facts and each individual with knowledge of such facts, along with reference to any document(s) supporting such claim.

Plaintiff argues that this should count as only one question, but Defendant submits that it contains no less than 36 discrete subparts because Defendant did not fully admit 18

Requests for Admission.[1] [2]    Although MOBIS responded to this question in a four-part manner in Defendant's Supplemental Responses, MOBIS has taken a more liberal approach with regard to counting the number of discrete subparts, which is more favorable to Plaintiff, and has counted this interrogatory as two separate inquiries for each request for admission, namely: 1) explain your failure to admit and identify the facts and individuals with the facts; 2) identify the documents.  *See In re ILLICO Inc. Litigation*, 2006 WL 2398742 (D.D.C. July 18, 2006) (slip copy) (breaking down into two discrete subparts all interrogatories that contain a request for documents in addition to a request for other information). [3]

   Because this interrogatory calls for a response concerning each denied Request for Admission, each denial constitutes a separate interrogatory as well.  *Safeco v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998) (finding that interrogatories requesting information supporting the denial of requests for admissions should be construed as containing a subpart correlating with each discrete request for admission).  Therefore, Interrogatory No. 1 references 18 Requests for Admission (number 16 is really four different admissions), each with two subpart inquiries, totaling 36 interrogatories.  *See also Wright & Miller*, 8A Federal Practice & Procedure §2168.1 ("an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the

---

[1]    Arguably, this interrogatory could be broken down into four separate inquires (instead of two as it was treated by MOBIS) in the following manner: 1) explain your failure to admit; 2) identify all facts; 3) identify each individual with the facts; 4) identify documents.  This is consistent with the way the Florida district court treated interrogatory number 3 in *Kimbrough v. City of Cocoa*, 2006 WL 1540256 (M.D. Fla. May 31, 2006)(slip copy),  as discussed more fully below in paragraph 7.

[2] Plaintiff has acknowledged that MOBIS properly explained its denials of his Requests for Admission with reasons for them.

[3] MOBIS should not be punished for Plaintiff's folly in wasting 14 interrogatories relating to 7 Requests for Admissions asking MOBIS to admit clearly contested matters: (1) That MOBIS is guilty of retaliation; (2) that MOBIS coerced an employee to lodge a complaint against Plaintiff that led to his termination; and (3) that MOBIS had no facts whatsoever to support the averments in four (4) paragraphs in its Answer to Plaintiff's Complaint (Doc. no. 9, Ex. C).

limitation. . . . Similarly, efforts to use other devices such as requests for admissions to circumvent the limitation on number of interrogatories should not be sustained."); *Moore*, 7 Federal Practice §33.30[2] ("An interrogatory that asks the responding party to state facts, identify witnesses or identify documents supporting the denial of each request for admission in a separately served set of requests usually should be construed as containing a discrete subpart for each request for admission contained in the set. This is because each request for admission generally deals with a discrete or separate subject").

6.    In *Safeco v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998), Defendants served a set of requests for admissions accompanied by a set of interrogatories. At issue were three interrogatories relating to plaintiff's responses to defendants' requests for admissions. Interrogatories 10, 11 and 12 asked plaintiff to state every fact, identify every document, and identify every witness that supported plaintiff's response to each request for admission that was not unqualifiedly admitted. In deciding how to number the subparts, the court considered that "as a general matter, requests for admissions deal with discrete or separate subjects. *See* FED. R. CIV. P. 36(a) ("Each matter of which an admission is requested shall be separately set forth."). A set of requests for admissions may address a wide variety of disparate topics." The court ruled that the interrogatories would be counted as a discrete subpart for each request for admission:

> Where the underlying requests for admissions concern different, separate, or discrete matters, however, the interrogatory should be viewed as containing a subpart for each request. As a practical matter, this will almost always be the case. *See, e.g., S.E.C. v. Micro-Moisture Controls,* 21 F.R.D. 164, 166 (S.D.N.Y. 1957) ("It is well settled that requests for admissions ... are required to be simple and direct, and should be limited to singular relevant facts."). Therefore, although courts should be cautious about encrusting the rules of civil procedure with "interpretive

barnacles", *see* Charles E. Clark, Special Problems Drafting and Interpreting Procedural Codes and Rules, 3 Vand. L. Rev. 493, 498 (1950), a strong presumption that each underlying request for admission constitutes a separately countable subpart should be adopted. . . . When responding to requests for admissions, explanation generally is unnecessary. "The answer [to a request for admission] shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed.R.Civ.P. 36(a). "Each request for an admission should be phrased simply and directly so that it can be admitted or denied without explanation." 8A Wright, Miller & Marcus § 2258 at 546-547; *see United Coal Companies v. Powell Construction Co.,* 839 F.2d 958, 968 (3d Cir. 1988) ("Rule 36 should not be used unless the statement of facts sought to be admitted is phrased so that it can be admitted or denied without explanation."). Explanation is only required if the party cannot truthfully admit or deny. By arguing that plaintiff must fully explain its business practices in responding to interrogatories 10-12, defendants are plainly attempting to convert requests for admissions into interrogatories. This would sidestep the numerical limit contained in Rule 33(a). "[E]fforts to use other devices such as requests for admissions to circumvent the limitation on number of interrogatories should not be sustained." 8A Wright, Miller & Marcus § 2168.1, at 12 (Supp. 1997).

*Safeco,* 181 F.R.D. at 446-47. *See also Stevens v. Federated Mutual Ins. Co.*, 2006 WL 2079503 (W.D. W. Va. July 25, 2006)(slip copy)(holding that interrogatories based on responses to requests for admission generally will concern separate subjects and should be counted as discrete subparts; single interrogatory counted as eleven subparts because it referenced eleven requests for admission).

7.    With regard to counting the discrete subparts in the remaining interrogatories, Defendant turned to *Kimbrough v. City of Cocoa*, 2006 WL 1540256 (M.D. Fla. May 31, 2006)(slip copy) and *In re ILLICO Inc. Litigation*, 2006 WL 2398742 (D.D.C. July 18, 2006) (slip copy). In *Kimbrough*, the court ruled that the interrogatories served on the Defendants exceeded 25 in number because most of the interrogatories

contained several discrete subparts. The court counted the subparts of the interrogatories as follows:

> For example, in the interrogatories served on Norgell on March 14, 2006, interrogatory number 3 is composed of five parts and subparts, as follows:
>
> 3. [1] Do you contend any person or entity other than you is, or may be liable in whole or part for the claims asserted against you in this lawsuit? [2] If so, state the [full] name and address of each such person or entity, [3] the legal basis for you[r] contention, [4] the facts or evidence upon which your contention is based, and [5] whether or not you have notified each such person or entity of your contention. . . . .
>
> Similarly, in the same set of interrogatories, interrogatory number 4 has two parts and subparts, as follows:
>
> 4. [1] List the names and address of all person[s] who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; [2] and specify the subject matter about which the witness has knowledge.
>
> This same method of counting parts and subparts of interrogatories reveals that Plaintiffs served more than twenty-five interrogatories on each of the PHS Defendants, without leave of Court or agreement among the parties to do so. The Court will not compel responses to interrogatories that exceed the permitted number.

*Id.* at *1-2. In the present case, MOBIS took a more liberal approach (and thus, more favorable to Plaintiff) than the *Kimbrough* court in counting the discrete subparts. MOBIS did so in hopes of avoiding Court involvement. However, this case provides an example of how courts in the Eleventh Circuit interpret the Rule 33 "discrete subpart" language.

8.    In *In re ILLICO Inc. Litigation*, 2006 WL 2398742 (D.D.C. July 18, 2006) (slip copy), the court performed a detailed analysis of thirteen interrogatories to determine whether the inquiry centered around a common theme or whether the interrogatories contained discrete subparts. Importantly, the court routinely counted as a separate inquiry, all interrogatories that requested documents in addition to information. *See Banks v. Office of the Senate Sergeant-at-Arms*, 222 F.R.D. 7, 10 (D.D.C. 2004) ("[A] demand for information about a certain event and for the documents about it should be counted as two separate interrogatories.").

The following excerpt illustrates how the D.C. district court counted the discrete subparts in the interrogatories:

*Interrogatory No. 3*

Interrogatory No. 3 references allegations contained in ¶ 100 in the Answer and Counterclaim and asks ULLICO for a description of actions or failures to act by Counterclaim Defendants that violated the Qualified Plan and the requirements of ERISA. This Interrogatory further requests identification of documents. There is no indication of the number of "actions or failures to act" that are alleged by ULLICO, or whether such actions are separable. The Court treats this Interrogatory No. 3 as two interrogatories, one requesting information, and another requesting identification of documents.

*Interrogatory No. 4*

Interrogatory No. 4 references a specific allegation in the Answer and Counterclaim relating to Luce's actions or failures to act that damaged ULLICO in a specific manner. This constitutes a single unified inquiry but the request for identification of documents should be treated as a separate inquiry. Accordingly, Interrogatory No. 4 counts as two interrogatories.

*Interrogatory No. 5*

Interrogatory No. 5 mirrors Interrogatory No. 4 in requesting information about Luce's actions or failures to act, referencing a specific allegation in the Answer and Counterclaim. This interrogatory also includes a request for identification of documents. Interrogatory No. 5 counts as 2 interrogatories.

*Interrogatory No. 6*

Interrogatory No. 6 inquires whether Luce was acting in the capacity of a fiduciary when he took the actions described in Interrogatories Nos. 4 and 5. The Court finds that Interrogatory No. 6 counts as two interrogatories because the inquiry contained therein relates back to two separate and discrete interrogatories. *See Safeco v. Rawstron,* 181 F.R.D. 441 (C.D.Cal.1998) (finding that interrogatories requesting information supporting the denial of requests for admissions should be construed as containing a subpart correlating with each discrete request for admission).

. . . .

*Interrogatory No. 12*

This Interrogatory requests information about actions taken by Luce in connection with the design, creation, approval or implementation of the 1998 and 1999 Stock Offer Programs. The court finds that these inquiries about two distinct Stock Offer Programs are separable and do not rely on each other and therefore, Interrogatory No. 12 is treated as two interrogatories.

*Interrogatory No. 13*

Interrogatory No. 13 asks for a description of actions taken by Luce in connection with the creation, approval, or implementation of the 1998, 1999, and 2000 Repurchase Programs. While the main topic of this Interrogatory is "Repurchase Programs," there are three separate and separable Programs for which three separate responses may be made. Interrogatory No. 13 is counted as three interrogatories.

*ILLICO*, 2006 WL 2398742 at * 3-4 (citations omitted).  In this manner, Defendant counted the discrete subparts contained in Plaintiff's interrogatories and answered the first 60 questions.  *See Moore*, 7 Federal Practice § 33.30[1] ("In the absence of a protective order, the responding party's best course for adequately preserving its objections to supernumerary interrogatories is to answer up to the numerical limit and object to the remainder without answering.").

9.    Based on Federal Rule of Civil Procedure 33 and the case law cited above, Defendants agreed to answer 50 interrogatories, double the amount provided in Rule 33, and answered in good faith no less than 60 interrogatories.  Counsel for Defendants, at great time and expense, provided to counsel for Plaintiff the details and legal bases upon which it relied when counting Plaintiff's Interrogatories.

10.    For these reasons, and because Plaintiff's Motion to Compel is groundless, Defendant moves this Court to deny Plaintiff's Motion to Compel and award reasonable expenses including attorneys' fees pursuant to FED. R. CIV. P. 37(a)(4)(B).

RESPECTFULLY SUBMITTED,

/s/ Henry C. Barnett, Jr.
**HENRY C. BARNETT, JR. (BAR037)**
*Attorneys for Defendant*

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama  36102-2069
Telephone:  (334) 241-8000
Facsimile:  (334) 241-8888

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument was served upon the following by email transmission and by placing a copy in the United States Mail, postage prepaid and properly addressed on this the 14th day of May, 2007.

David R. Arendall
Allen D. Arnold
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, Alabama 35203

           /s/ Henry C. Barnett, Jr.
           OF COUNSEL

FRANK H. McFADDEN
JOHN F. ANDREWS
WILLIAM D. COLEMAN
WILLIAM K. MARTIN
GEORGE L. BECK, JR.
BRUCE J. DOWNEY III
HENRY C. BARNETT, JR.
K. PALMER SMITH
ROBERT T. MEADOWS III
HENRY H. HUTCHINSON
SHAPARD D. ASHLEY
D. KYLE JOHNSON
ROBERT F. NORTHCUTT

JAMES N. WALTER, JR.
JAMES R. McLEMORE
CONSTANCE SMITH BARKER
THOMAS M. EDEN III
W. HOLT SPEIR III
CHRISTOPHER W. WELLER
DEBRA DEAMES SPAIN
C. CLAY TORBERT III
R. BROOKE LAWSON III
J. SCOTT PIERCE
ROBERT D. RIVES
RICHARD H. ALLEN

LEE M. RUSSELL, JR.
CHAD W. BRYAN
MICHAEL P. DALTON
CATY HOUSTON RICHARDSON
ARDEN REED PATHAK
TODD H. COX
TERRIE SCOTT BIGGS

OF COUNSEL:
JAMES M. SCOTT
THOMAS S. LAWSON, JR.

# CAPELL & HOWARD P.C.
## ATTORNEYS AT LAW

April 13, 2007

**Via Facsimile Only - 205-252-1556**
David R. Arendall, Esq.
Arendall & Associates
2018 Morris Avenue
Suite 300
Birmingham, AL 35203

     *Re:*    *Rudolph, Keith v. Mobis Alabama*

Dear David:

     In an effort to resolve the pending discovery dispute, MOBIS is going to answer several additional interrogatories. I am to meet with my client on Monday to review draft answers, and expect to have them to you by Tuesday or Wednesday.

     I am still working on the request for production, but assume you would rather have the interrogatory answers sooner, rather than later.

     MOBIS' supplemental interrogatory answers will include legal citations to support its position on the sub-part issue.

                      Best regards,

                      Henry C. Barnett, Jr.

HCB/as



EXHIBIT
1

**MONTGOMERY • OPELIKA / AUBURN**

150 SOUTH PERRY STREET (36104), POST OFFICE BOX 2069, MONTGOMERY, ALABAMA 36102-2069
334 241 8000 *tel*    334 323 8888 *fax*    www.capellhoward.com

| FRANK H. McFADDEN | J. LISTER HUBBARD | M. COURTNEY WILLIAMS |
|---|---|---|
| JOHN F. ANDREWS | JAMES N. WALTER, JR. | LEE M. RUSSELL, JR. |
| WILLIAM D. COLEMAN | JAMES H. McLEMORE | CHAD W. BRYAN |
| WILLIAM K. MARTIN | CONSTANCE SMITH BARKER | MICHAEL P. DALTON |
| GEORGE L. BECK, JR. | THOMAS M. EDEN III | CATY HOUSTON RICHARDSON |
| BRUCE J. DOWNEY III | W. HOLT SPEIR III | ARDEN REED PATHAK |
| HENRY C. BARNETT, JR. | CHRISTOPHER W. WELLER | TODD H. COX |
| K. PALMER SMITH | DEBRA DEAMES SPAIN | TERRIE SCOTT BIGGS |
| ROBERT T. MEADOWS III | C. CLAY TORBERT III | |
| HENRY H. HUTCHINSON | R. BROOKE LAWSON III | OF COUNSEL: |
| SHAPARD D. ASHLEY | J. SCOTT PIERCE | JAMES M. SCOTT |
| D. KYLE JOHNSON | ROBERT D. RIVES | THOMAS S. LAWSON, JR. |
| ROBERT F. NORTHCUTT | RICHARD H. ALLEN | |

# CAPELL & HOWARD P.C.
## ATTORNEYS AT LAW

May 2, 2007

**Via Email and U.S. Mail**
**dra@arendalllaw.com**
David R. Arendall, Esq.
Arendall & Associates
2018 Morris Avenue
Suite 300
Birmingham, AL 35203

    *Re:*   *Rudolph, Keith v. Mobis Alabama*

Dear David:

    This letter is in response to your letter of March 29, 2007, and follows our telephone conversations on this subject.

    We have reviewed *Border Collie Rescue, Inc. vs. Ryan,* and several other cases more on point. After doing so, we have reformatted our answers to Plaintiff's interrogatories to comport with what we believe to be the most fair and reasonable application to the case law we have found.

    I requested an extension of time because, as I explained, I needed it due to several compacted deadlines I was working to meet, not because I was trying to delay discovery or avoid answering the appropriate number of interrogatories.

    The way your interrogatories are structured, with several discreet sub-parts strung together under one question, it is difficult to count and answer them. The law is clear that distinct sub-parts are to be counted separately when interrogatories are structured in this fashion. *See* FED. R. CIV. P. 33(a) ("any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts . . .")...

    The reformatted interrogatory responses from number 3 forward are broken down to correlate to what are clearly distinct sub-parts. In an effort to avoid involving the court, we have taken the unusual measure of stating MOBIS' position on sub-parts after each interrogatory and citing relevant case law to support its positions.

**EXHIBIT**

tabbies

2

MONTGOMERY • OPELIKA / AUBURN

150 SOUTH PERRY STREET (36104), POST OFFICE BOX 2069, MONTGOMERY, ALABAMA 36102-2069
334 241 8000 *tel*    334 323 8888 *fax*    www.capellhoward.com

David R. Arendall, Esq.
May 2, 2007
Page 2


David, it is crystal clear to us that you have propounded far more than the 50 interrogatories agreed on by the parties -- twice the number allowed by FED. R. CIV. P 33, absent agreement of the parties. I urge you to consider the case law we have cited before you involve the court.

Best regards,

Henry C. Barnett, Jr.


HCB/as
Enclosures