IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEITH D. RUDOLPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 2:06-cv-994-ID |
| MOBIS ALABAMA, LLC, ) | [wo] |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 23, filed December 17, 2007). Pending before the Court is Defendant's *Motion to Dismiss for Want of Prosecution, or in the Alternative, for Reassignment to a Magistrate Judge as Pro Se Litigation* (Doc. 21, filed December 14, 2007). On December 17, 2007, the alternative motion was granted and this case was referred to the undersigned and the Court issued an order directing Plaintiff to show cause on or before January 9, 2008 why the motion to dismiss should not be granted. *See* Doc. 24. Plaintiff failed to respond to the Court's order. Thus, for good cause, the motion to dismiss for want of prosecution should be granted.

### I. PARTIES

Plaintiff, Keith D. Rudolph ("Rudolph" or "Plaintiff"), is a resident of Tyler in Dallas County, Alabama.

Defendant MOBIS Alabama, LLC ("MOBIS" or "Defendant") has a facility in Montgomery, Alabama, within the Middle District of Alabama. Plaintiff was employed at this facility.

## II.  JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343 (civil rights), 42 U.S.C. § 2000e-5 (Title VII), 42 U.S.C. § 1981 (Civil Rights Act of 1866, as amended). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## III.  NATURE OF CASE/BACKGROUND

Rudolph initiated this action on November 2, 2006. *See* Doc. 1, Complaint. In his complaint, Rudolph asserts claims pursuant to Title VII, 24 U.S.C. § 2000e-5 and 42 U.S.C. § 1981. Rudolph specifically alleges he was subjected to a racially hostile work environment and after filing complaints was terminated as a result of the complaints. *Id.* at ¶¶ 25-28. MOBIS filed its answer on November 27, 2006. *See* Doc. 2, Answer. MOBIS denies it subjected Rudolph to a racially hostile work environment and asserts Rudolph was the one responsible for disseminating the racial e-mail referenced in the Complaint. *Id*. at ¶ 16. Further, MOBIS states Rudolph was terminated for legitimate, nondiscriminatory reasons, specifically for continuing to make inappropriate, unwanted, and harassing advances on a coworker. *Id.* at ¶ 20.

On August 21, 2007, the Court granted Plaintiff's counsel's Motion to Withdraw. *See*

Docs. 15, 17, Motion to Withdraw and Order. Rudolph was given until September 25, 2007 to find new counsel or to make an appearance *pro se*. *See* Doc. 17, Order. There has been no appearance by counsel nor has Rudolph filed any further pleadings with the Court. On December 14, 2007, MOBIS filed its Motion to Dismiss for failure to prosecute. *See* Doc. 21. On December 17, 2007, the Court issued an order directing Rudolph to show cause on or before January 9, 2008 why the motion to dismiss should not be granted. *See* Doc. 24, Order. To date, Rudolph has not responded.

### IV. MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)).

Mindful of the judicial caution which should attend the dismissal of *pro se* actions, dismissal of this action is appropriate as Plaintiff has been provided more than a reasonable opportunity to prosecute this action. Rudolph was given a deadline to either obtain counsel

or enter a *pro se* appearance, but never responded. In addition, Rudolph was sent notice of the Motion to Dismiss and his deadline to respond. *See* Doc. 24, Order. The order clearly detailed the consequences of a failure to respond. *Id.* Rudolph did not file a response, nor did the mail return as undeliverable. Consequently, it is reasonable to conclude that Plaintiff has chosen to abandon prosecution of his claims.

## V.  CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that

(1)    Defendant's *Motion to Dismiss for Want of Prosecution* (Doc. 21) be GRANTED;

(2)    This case be DISMISSED without prejudice for lack of prosecution; and

(3)    Any remaining outstanding motions be denied as moot.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **January 24, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District

Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 11th day of January, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE